IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MEDLIANT INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-cv-203 |
| v. | ) |
| | ) |
| KATRINA PONCE DE LEON, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant, Katrina Ponce de Leon ("Ponce de Leon"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Medliant is a Nevada corporation with its principal place of business in Tennessee.

2. Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48, Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her residence or wherever she may be found.

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee, and Ponce de Leon, a citizen of the State of Texas.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce de Leon resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

5. Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6. One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7. Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8. Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9. In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10. Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11. In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12. Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13. As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14. In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15. Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16. On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17. Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18. Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

COUNT I – BREACH OF CONTRACT

19. Medliant incorporates by reference the allegations set forth above.

20. The Agreement is a valid and enforceable contract.

21. Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22. Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23. As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24. Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Medliant requests that the Court:

A. Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B. Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C. Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D. Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*