UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MEDLIANT INC., | ) |
| *Plaintiff,* | ) ) ) ) Civil Action No. 1:23–cv–00203–MAC |
| v. | ) ) |
| KATRINA PONCE DE LEON, | ) ) |
| *Defendant.* | ) |

**MEDLIANT INC.'S SUR-REPLY IN FURTHER OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | THE FORUM-SELECTION CLAUSE IS PERMISSIVE. | 1 |
| II. | THE PUBLIC INTEREST FACTORS OVERWHELMINGLY WEIGH AGAINST DISMISSAL. | 2 |
| III. | FEDERAL LAW DOES NOT PROHIBIT RECOVERY OF IMMIGRATION COSTS AND EXPENSES. | 4 |
| IV. | DEFENDANT'S UNCONSCIONABILITY DEFENSE IS PROCEDURALLY PREMATURE AND SUBSTANTIVELY WITHOUT MERIT. | 6 |
| V. | DEFENDANT'S LIQUIDATED DAMAGES ARGUMENT IS ALSO PROCEDURALLY PREMATURE AND SUBSTANTIVELY WITHOUT MERIT. | 8 |
| VI. | THE AGREEMENT IS NOT VOID AGAINST PUBLIC POLICY. | 9 |
| VII. | CONCLUSION. | 10 |

I.   **THE FORUM-SELECTION CLAUSE IS PERMISSIVE.**

Defendant contends the forum-selection clause is mandatory because the Agreement contains "both a choice-of-law provision and a venue provision" with "nearly-identical language." *See* Doc. 13, PageID #796. Claiming the two clauses utilize a similar phrase–"chooses to utilize"–combined with the fact that Medliant agrees Nevada law applies, Defendant asserts Medliant's forum-selection clause argument is "especially unpersuasive." *See id*. Defendant is wrong.

As an initial matter, Defendant ignores the first sentence of the "**GOVERNING LAW/VENUE**" paragraph, which states the Agreement "shall be governed" by Nevada law. *See* Doc. 8–1, PageID #53, ¶ 16. Nevada law applies because the clause contains mandatory language. *See Guzman v. MGK Mech. Servs., Inc.*, No. 209-CV-00467-RLH-GWF, 2009 WL 10693636, at *2 (D. Nev. June 29, 2009) ("The first clause specifies that California law governs their agreement. The language in this clause is mandatory . . . ."). In the venue clause, unlike the choice of law clause, there is no mandatory language or "words of exclusivity." Indeed, use of mandatory language in the choice-of-law provision and its omission from the venue provision is compelling evidence that Medliant did not agree to an exclusive forum.

Defendant next claims that venue is exclusive to Nevada because the Agreement "exclusively identifies [it] . . ." in the Agreement. *See* Doc. 13, PageID #796. It is of no consequence, however, that Nevada was the only court identified in the Agreement. Rather, to be an "exclusive" venue, the clause must "contain[] words of exclusivity." *Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 742, 359 P.3d 105, 108 (2015). *See also Fed. Nat'l Mortg. Ass'n v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 528 P.3d 586 (Nev. 2022) (forum selection clause mandatory when it used the phrase "any controversy . . . shall be litigated"). Similar to the Agreement here, the clause in *Soro* identified only one jurisdiction (Utah). *See Soro*, 359 P.3d at

106. Yet, the Nevada Supreme Court concluded the clause was "permissive." *See id.* at 108 ("Absent such [words of exclusivity], we deem the clause permissive."). Such is the case here.[1]

Despite alleging that the Agreement should be interpreted by its "plain terms" (*see* Doc. 13, PageID ##795–98), Defendant also claims ambiguity and that the Agreement "must be construed against Medliant as the drafter." *See* Doc. 13, PageID ##795–96 (citing *Soro*, 359 P.3d at 106). That is the same argument that was made and rejected in *Soro*. *See Soro*, 359 P.3d at 108. There, the Nevada Supreme Court concluded that this argument was "without merit as the clauses are clear and unambiguous . . . [and] provide no words of exclusivity." *Id.* Indeed, "to interpret the clauses as mandatory forum selection clauses would read language into the contract that is not there." *Id*. The Agreement here does not have "words of exclusivity." Accordingly, this Court should not read such language into the Agreement.[2] The Agreement's forum-selection clause is permissive, so Defendant's motion should be denied.

## II.  THE PUBLIC INTEREST FACTORS OVERWHELMINGLY WEIGH AGAINST DISMISSAL.

Defendant also incorrectly weighs the public interest factors should the Court find the forum-selection clause mandatory. As to the first factor–administrative difficulties flowing from court congestion–Defendant argues it is neutral. *See* Doc. 13, PageID ##798–99 (relying on *Blue*

---

[1] Defendant's attempt to distinguish *Wiggins v. Seeley*, No. 3:16-cv-00642-HDM-WCG, 2017 WL 969186 (D. Nev. Mar. 13, 2017) falls flat. *See* Doc. 13, PageID #798. The court in *Seely* specifically found a similar clause as the one here "permissive" because "it fail[ed] to contain any language about Douglas County having exclusive jurisdiction." *See Seeley*, 2017 WL 969186, at *3.

[2] Defendant also alleges that "even if the venue selection provision were permissive and not mandatory, it would still require dismissal." *See* Doc. 8, PageID #795. However, Defendant did not assert alternative grounds for dismissal in her motion if the Court found the clause permissive. *See* Doc. 10, PageID #335, fn. 4. To the extent Defendant asserts a new ground for dismissal in her Reply, the Court should not consider it. *See Flooring Sys., Inc. v. Chow*, No. 4:12-CV-475, 2013 WL 4674667, at *1 (E.D. Tex. Aug. 29, 2013) (Crone, J.) ("Arguments raised for the first time in a reply brief, however, are waived."), *aff'd sub nom. In re Poston*, 765 F.3d 518 (5th Cir. 2014).

*Racer Midstream, LLC v. Kelchner, Inc.*, No. 3:16-CV-3296-K, 2018 WL 993781, at *3 (N.D. Tex. Feb. 21, 2018) ("the speed with which a case can come to trial and be resolved" should be considered)). But the court in *Blue Racer* found this factor weighed *against* transfer. *See Blue Racer*, 2018 WL 993781, at *3 ("transferring the case to Ohio would likely greatly delay the trial"). Medliant agrees this Court should weigh the speed with which a case can come to trial and be resolved, which weighs heavily against dismissal. Counsel for the parties have conferred under Rule 26(f), discovery is underway, and the parties agreed to a Final Status Conference of June 7, 2024, pending approval from the Court. *See* Doc. 9, PageID #327. Trial of this matter will take place by summer 2024 and dismissing this case will set the parties back many months. As a result, this factor weighs heavily against dismissal.

Defendant claims the second factor–local interest–weighs in favor of dismissal because "Medliant is incorporated in Nevada and the contract has a Nevada choice-of-law provision." *See* Doc. 13, PageID #799 (citing *Moates v. Facebook Inc.*, No. 4:20-CV-896-ALM-KPJ, 2021 WL 3013371, at *10 (E.D. Tex. May 14, 2021)). The court in *Moates*, however, stated this factor "generally favors where the acts giving rise to the lawsuit occurred." *Id*. Indeed, a "judicial district's local interest in a case is strong when the cause of action calls into question the work and reputation of several individuals residing in or near the district who presumably conduct business in that community." *Id*. (quoting *Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-1272-JRG, 2016 WL 7042221, at *4 (E.D. Tex. June 9, 2016)). In this case, Defendant worked in this District, breached the Agreement in this District, and has not contested personal jurisdiction in Texas. *See* Doc. 1, PageID ##2–3, ¶¶ 9–10, 12–18. The fact that Defendant may have relocated to Florida is of no consequence as it is undisputed Defendant resided in this District when the cause of action arose. Accordingly, this factor too weighs heavily against dismissal.

Finally, Defendant claims the third factor–familiarity of the forum with the law that will govern the case–supports dismissal. *See* Doc. 13, PageID ##799–800 (citing *Operation: Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F.Supp.2d 1106, 1112 (D. Nev. 2012)). Defendant, however, ignores Texas law, which provides this factor is neutral when a party "fails to detail *any* differences between [two states' law]" that "are likely to defy comprehension by a federal judge siting in Texas." *See Venable's Constr. Inc. v. Oneok Arbuckle II Pipeline*, LLC, No. 2:20-CV-018-Z-BR, 2020 WL 2841398, at *8 (N.D. Tex. June 1, 2020) (emphasis in original). Defendant identified no such differences.

In sum, two factors weigh heavily against dismissal and two factors are neutral.[3] As a result, even assuming the forum-selection clause is mandatory, this Court should still deny Defendant's motion.

### III. FEDERAL LAW DOES NOT PROHIBIT RECOVERY OF IMMIGRATION COSTS AND EXPENSES.

Defendant substantively, and prematurely, replies "Medliant is not permitted to recover immigration costs" at all. *See* Doc. 13, PageID #800. Because this requires consideration of materials outside the record, the motion should be denied. Substantively, Defendant is wrong.

Employers may not withhold from wages monies the employer spent towards immigration costs "if such a deduction reduces the wage below the required level . . . ." *See Kutty v. U.S. Dept. of Labor*, 764 F.3d 540, 547–48 (6th Cir. 2014). Proof, therefore, is necessary to determine the wages paid to Defendant, the immigration costs and expenses Medliant seeks to recover, and whether a deduction reduces wages below the required level. *See id*. Accordingly, Defendant's motion to prevent Medliant from recovering immigration costs must be denied as

---

[3] The parties agree the fourth factor is neutral. Doc. 10, PageID ##337–38; Doc. 13, PageID #800.

premature.

Defendant incorrectly contends *Carmen v. Health Carousel, LLC*, No. 1:20-cv-313, 2023 WL 5104066 (S.D. Ohio Aug. 9, 2023) supports dismissal. *See* Doc. 13, PageID ##800–01. While *Health Carousel* "observed that liquidated damages provisions are unenforceable when they seek 'illicit recoveries,'" (*see id*. (quoting *Health Carousel*, 2023 WL 5104066, at *14)), a court must still determine what is substantively "illegal," which also warrants denial of the motion to dismiss as premature. *See Health Carousel*, 2023 WL 5104066, at *14.[4]

Substantively, *Health Carousel* observed that "an employer may lawfully deduct or demand reimbursement of expenses for items that primarily benefit the employee, like employee meals from a company restaurant, employee housing, and some commuter transportation." *Id*.[5] "Accordingly, where the employer demands liquidated damages for an employee's breach of an employment contract, courts assess how those damages are calculated to determine whether they constitute permissible or illicit recoveries." *Id*. (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1095–96 (9th Cir. 2010) (not counting contractual damages as a kickback because the damages recuperated employee training expenses) and *Heder v. City of Two Rivers*, 295 F.3d 777, 779 (7th Cir. 2002) (same)). Importantly, *Health Carousel* specifically observed that "whether [] relocation costs from the Philippines to the United States count as expenses incurred for the employer's benefit or for the employee's benefit" is a matter up for debate between varying courts and the U.S. Department of Labor has "[c]ontribut[ed] to the confusion." *See Health*

---

[4] Illegal recoveries include "costs to acquire the tools of trade for the employer's business, safety implements for workers, electricity used for commercial purposes, taxes and insurance on commercial buildings, and employer-required uniforms." *See Health Carousel*, 2023 WL 5104066, at *14.

[5] Medliant paid for Defendant's Green Card processing, travel expenses to Texas, one month's living accommodations, and reimbursed her for all federal and state licensed-related application fees and expenses. *See* Doc. 1, PageID #2, ¶ 10.

*Carousel*, 2023 WL 5104066, at *14. Relevant to this motion, a debate requires proof outside of the complaint. *See id.* (discussing proof necessary as to both the former nurse-employee and her former employer). Defendant is simply wrong that Medliant may not recover any immigration costs or expenses from Defendant at all.[6] Accordingly, Defendant's motion should be denied.

### IV.   DEFENDANT'S UNCONSCIONABILITY DEFENSE IS PROCEDURALLY PREMATURE AND SUBSTANTIVELY WITHOUT MERIT.

Defendant cites *TMX, Inc. v. Volk*, 131 Nev. 1355, 2015 WL 5176619, at *1 (Nev. Ct. App. Aug. 31, 2015) for the proposition that unconscionability can be determined on a motion to dismiss "by the terms and form of the contract." *See* Doc. 13, PageID #801. *TMX*, however, had nothing to do with unconscionability. Rather, Medliant's response explains *TMX* stands for the proposition that questions of fact as to affirmative defenses are not appropriate for motions to dismiss. *See* Doc. 10, PageID #341 (citing *TMX*, 2015 WL 5176619, at *1 ("[J]udging the validity of an affirmative defense often requires consideration of facts outside of the complaint," and "generally does not provide grounds for a court to grant a motion to dismiss.")). Indeed, the court in *TMX*–in considering a motion to dismiss on statute of limitations grounds–held "it was inappropriate for the district court to conclude, on a motion to dismiss, that the breach of contract claim was barred by the four-year statute of limitations . . . ." *See id.* at *3.

Defendant also misconstrues *Burch v. 2d Judicial Dist. Ct.*, 118 Nev. 438 (2002) claiming "the court found an arbitration agreement procedurally and substantively unconscionable *based solely on the facts alleged in the complaint and the text of the agreement*." *See* Doc. 13, PageID #801 (emphasis added). However, *Burch* does not indicate what evidence

---

[6] Notably, Defendant takes the position that immigration costs are never recoverable–despite the recent opinion in *Health Carousel* to the contrary. Counsel for Defendant also represents the plaintiff, Novie Dale Carmen, against Health Carousel in that case. *See Carmen v. Health Carousel, LLC*; No. 1:20-cv-00313-DRC; U.S. District Court for the Southern District of Ohio, Cincinnati Division.

the trial court or the Nevada Supreme Court considered in finding the underlying agreement unconscionable. *See Burch*, 118 Nev. at 448.[7]

Defendant next chastises Medliant for its discussion of *Halcyon Silver, LLC v. Evelynmoe*, 526 P.3d 1110, 2023 WL 2661524, at *8 (Nev. Ct. App. Mar. 24, 2023). *See* Doc. 13, PageID #801. Defendant does not dispute, however, that the trial court made findings of fact on unconscionability "[f]ollowing a three-day bench trial." *See Halcyon Silver*, 2023 WL 2661524, at *3. Because Defendant's unconscionability defense requires specific factual findings, Defendant's motion should be denied as premature.

Turning to the merits, "both procedural and substantive unconscionability are required before a court will render a contractual provision unenforceable . . .". *See Halcyon Silver*, 2023 WL 2661524, at *8. Procedural unconscionability is present where a signee is not allowed a "meaningful opportunity to decide if they want[] to agree to [the contract's] terms." *See Burch*, 118 Nev. at 443–44. Again, citing *Halcyon Silver*, Defendant states the "text of the contract shows no opportunity for [Defendant] to negotiate." *See* Doc. 13, PageID #802. But, as discussed in Medliant's response (*see* Doc. 10, PageID #342 (citing Doc. 8–1, PageID #53, § 19)), Defendant had ample opportunity to review the Agreement to decide if she wanted to agree to its terms. *See Burch*, 118 Nev. at 444. In fact, Defendant signed the Agreement twice, over three years apart, once in September 2018 and again in January 2022. *See* Doc. 10, PageID #342, fn. 11. Contrast that with the situation found in *Halcyon Silver* where "no language in the contract suggest[ed] [negotiation] was an option." *See Halcyon Silver*, 2023 WL 2661524, at *8. Because Defendant had an option to negotiate the terms of the Agreement over the span of at least three

---

[7] A cursory inspection of the record on appeal in *Burch* (available at: https://caseinfo.nvsupremecourt.us/public/caseSearch.do), however, includes much more than the underlying complaint and contract.

years and there is no evidence to the contrary at this stage, Defendant's motion should be denied.

As to substantive unconscionability–which this Court can ignore if it reaches the merits and finds no procedural unconscionability (*see Halcyon Silver*, 2023 WL 2661524, at *8)– Defendant's motion originally sought to invalidate the attorneys' fees and costs provision on the basis that it is "unilateral and exclusively applies to Medliant." *See* Doc. 8, PageID #39. In Reply, however, Defendant concedes that "one-sided attorneys' fees are not *per se* illegal." *See* Doc. 13, PageID #802. In the face of Defendant's admission, Defendant's motion as to substantive unconscionability of the attorneys' fees and costs provision should be denied.

V. **DEFENDANT'S LIQUIDATED DAMAGES ARGUMENT IS ALSO PROCEDURALLY PREMATURE AND SUBSTANTIVELY WITHOUT MERIT.**

Defendant boldly claims "whether a liquidated damages clause in a contract is an unlawful penalty is a 'purely legal' question." *See* Doc. 13, PageID #802 (quoting *Prothera, Inc. v. Zhou Ye*, No. 318CV00410MMDCLB, 2020 WL 3073345, at *6 (D. Nev. June 10, 2020)). Defendant is wrong, and its citation to *Prothera* lacks significant context. *Prothera* was decided at summary judgment, and according to the court, "[n]otably, there [were] no factual disputes pertinent to the Motion." *See id*. "Defendant instead ma[de] the single, and purely legal, argument that the Motion should be denied because the liquidated damages clause in the operative contract [was] unenforceable, and Plaintiff [sought] to establish its damages in the Motion via that liquidated damages clause." *Id*. at *1. Because there were no facts in dispute, the court in *Prothera* could aptly decide whether the liquidated damages clause was enforceable as a matter of law. However, that is not the case here because the Court must make factual findings as to whether the liquidated damages are disproportionate to Medliant's actual damages. *See*

*Prothera*, 2020 WL 3073345, at *6. Accordingly, Defendant's motion should be denied.[8]

## VI. THE AGREEMENT IS NOT VOID AGAINST PUBLIC POLICY.

Notwithstanding Defendant's public policy argument is also premature at Rule 12 (*see* Doc. 10, PageID #345), the Reply improperly relies on the Trafficking Victims Protection Act ("TVPA"). *See* Doc. 13, PageID ##803–804. Defendant has not alleged a claim against Medliant under the TVPA, and Medliant has not violated it in any event.

Defendant relies on TVPA summary judgment decisions addressing materially different facts. *See Paguirigan v. Prompt Nursing Employ. Agency, LLC*, No. 17-CV-1302 (NG), 2019 WL 4647648 (E.D.N.Y. Sept. 24, 2019). *See also Magtoles v. United Staffing Registry, Inc.*, No. 21-CV-1850 (KAM) (PK), 2023 WL 2710178 (E.D.N.Y. Mar. 30, 2023).[9] Instead, this case is more like *Panwar v. Access Therapies, Inc.*, No. 1:12-cv-00619-TWP-TAB, 2015 WL 1396599, at *3 (S.D. Ind. Mar. 25, 2015). There, the court granted summary judgment in favor of the employer on the TVPA claim where the employee "voluntarily entered into the [] contract[]," there was "no evidence" that the employee was "coerced or deceived" into signing the

---

[8] Defendant also selectively quotes and omits material portions of the Agreement's liquidated damages clause. *See* Doc. 13, PageID #803 (implying immigration expenses are the basis for including the provision). This is false as the liquidated damages clause relates to "the profit that Medliant would make if the Agreement were not terminated prematurely." *See* Doc. 8–1, PageID #50, § 2(d). Indeed, Section 2(d) specifically states that "[t]he liquidated damages are separate, and are in addition to, any costs of immigration owed to Medliant pursuant to the terms of the Offer Letter." *Id.*

[9] The court in *Paguirigan* concluded on summary judgment that the employer violated the TVPA because it sued former nurses alleging $250,000 in damages despite a prior court having previously found the liquidated damages provision unenforceable. *See Paguirigan*, 2019 WL 4647648, at *16. The contracts in *Magtoles*–again, decided on summary judgment and also from the Eastern District of New York–contained unenforceable non-compete clauses and the employer offered no evidence to rebut that its facilities were understaffed, the nurses were "considerably overworked," and worked hours for which they were not paid despite repeated request. *See Magtoles*, 2023 WL 2710178, at *25. And in *Vidal v. Advanced Care Staffing, LLC*, No. 1:22-cv-05535-NRM-MMH, 2023 WL 2783251, at *25 (E.D.N.Y. Apr. 4, 2023)–cited for the first time in Reply and also from the Eastern District of New York–granted the former employee's motion for preliminary injunction pausing the then-pending arbitration instituted by the employer while the parties litigated the merits of the former employee's claims.

agreement, the contract was "plainly written, and the liquidated damages provision was made conspicuous," and "[t]here was nothing that compelled [the employee] to sign the agreement[], or even enter into the [] visa program." *Id*.

Moreover, Defendant's public policy argument rests entirely on its allegation that the liquidated damages provision is an unenforceable penalty (*see* Doc. 13, PageID ##803–04), which again, is premature and without merit. *See supra*, § V. As recognized in *Paguirigan*, "there is no prohibition against [Medliant] for placing a valid liquidated damages provision in [its Agreement.]" *See Paguirigan*, 2019 WL 4647648, at *17. *See also Estavilla v. Goodman Group, LLC*, No. CV 21-68-M-KLD, 2022 WL 539192, at *15 (D. Mont. Feb. 23, 2022) (noting that a contract provision for repayment of money advanced, in part, for immigration costs, was enforceable). And even if the liquidated damages provision was unenforceable, Medliant could still recover actual damages. *See Paguirigan*, 2019 WL 4647648, at *12. In sum, Defendant's public policy argument is either procedurally premature or substantively without merit. Accordingly, Defendant's motion should be denied.

## VII.   <u>CONCLUSION.</u>

For the reasons set forth in Medliant's response and those set forth above, Defendant's motion to dismiss for forum non conveniens and alternative motion to dismiss for failure to state a claim should be denied.

Respectfully submitted,

/s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.4647
F: 615.248.3047
bbundren@bradley.com

*Attorney for Medliant Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 20, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court for the U.S. District Court, Eastern District of Texas, through the Court's Electronic Case Filing system, which will serve all counsel of record listed below:

David H. Seligman (pro hac vice)
Email: david@towardsjustice.org
Rachel Williams Dempsey (pro hac vice)
Email: rachel@towardsjustice.org
Juno Turner (pro hac vice)
Email: juno@towardsjustice.org
TOWARDS JUSTICE

*Attorneys for Defendant*

/s/ R. Brandon Bundren
R. Brandon Bundren