UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MEDLIANT INC., | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) Civil Action No. 1:23–cv–00203–MAC |
| v. | ) |
| | ) |
| KATRINA PONCE DE LEON, | ) |
| | ) |
|     *Defendant*. | ) |

**JOINT CONFERENCE REPORT**

The plaintiff, Medliant Inc. ("Plaintiff"), and the defendant, Katrina Ponce de Leon ("Defendant"), file this Joint Conference Report pursuant to the Court's Order to Conduct Rule 26(f) Conference dated September 13, 2023. *See* Doc. 9.

1. **A factual and legal description of the case that sets forth the elements of each cause of action and each defense**:

    A. Plaintiff's position:

    This is a breach of contract case. On September 23, 2018, Plaintiff and Defendant entered into an Agreement for Employment (the "2018 Agreement") for Defendant to immigrate to the United States from the Republic of the Philippines to work as a full-time registered nurse for Plaintiff. Plaintiff agreed to sponsor Defendant through the immigration process, pay all costs and expenses associated with the immigration process, pay all expenses associated with Defendant's travel to the United States (including one month's living accommodations), and reimburse Defendant for all federal and state license-related nursing application fees and expenses. In exchange, Defendant agreed to work five thousand two hundred (5,200) straight-time hours for Plaintiff. If Defendant departed prior to fulfilling her commitment, Defendant agreed to reimburse Plaintiff for all costs incurred during the immigration process and further

agreed to pay Plaintiff liquidated damages in the sum of $2,500 for each month remaining of the term of her employment.

On January 18, 2022, Plaintiff and Defendant entered into the Agreement for Employment (the "2022 Agreement"), which reconfirmed the parties' obligations set forth in the 2018 Agreement. Shortly thereafter, Defendant began working for Plaintiff at Baptist Hospitals of Southeast Texas in Beaumont.

Effective February 15, 2023, Defendant resigned from Plaintiff approximately twenty-one (21) months short of fulfilling her commitment under the 2022 Agreement thereby triggering the 2022 Agreement's liquidated damages provision. The liquidated damages owed by Defendant are separate, and are in addition to, the costs of immigration due to be reimbursed by Defendant.

On April 10, 2023, Plaintiff demanded Defendant pay the liquidated damages owed and reimburse Plaintiff for the costs of immigration. Defendant refused, which resulted in this lawsuit. In addition to the monetary remedies described above, Plaintiff also seeks recovery of its attorneys' fees and costs pursuant as provided for in the Agreement and any additional damages permitted by law.

On September 11, 2023, Defendant moved to dismiss on the grounds of forum non conveniens and for failure to state a claim. *See* Doc. 8. Plaintiff responded (Doc. 10), Defendant replied (Doc. 13), and Plaintiff sur-replied (Doc. 16). Accordingly, this motion is fully briefed. For the reasons set forth in Plaintiff's Response and Sur-reply, the forum selection clause is permissive, and the motion should be denied. If, however, the Court concludes the forum selection clause is mandatory, the Court should still deny the motion because the public interest

factors heavily weigh against dismissal.[1] Separately, for the reasons set forth in Defendant's Response and Sur-reply, Defendant's motion to dismiss for failure to state a claim should also be denied because it is either premature or substantively without merit.

B. Defendant's position:

As set forth in her pending motion to dismiss, Defendant maintains that this case was filed in the wrong venue and should be dismissed for *forum non conveniens*. In particular, the parties' Agreement contains a mandatory forum-selection clause requiring that all disputes be venued in the 8th Judicial District Court in Las Vegas, Nevada. Medliant's Agreement specifies that it "chooses to utilize" that court for any disputes that arise out of the contract – including this one. The Court should therefore dismiss Medliant's complaint so that the parties can litigate this dispute in the agreed-upon forum.

Alternatively, Ms. Ponce de Leon seeks to dismiss Medliant's complaint for failure to state a claim. First, federal regulations prohibit Medliant from seeking damages for the costs of immigration. See 20 C.F.R. § 656.12(b). Second, the provision in the Agreement purporting to allow Medliant to recover its attorneys' fees and costs is unconscionable and unenforceable. Third, Medliant's attempt to recover liquidated damages is an unenforceable penalty, and fourth, the Agreement is void because it is against the public policy of the state of Nevada, whose law governs disputes arising under the Agreement. For all these reasons, Medliant's case should be dismissed.

---

[1] Despite representing to the Court that Defendant was a Florida resident in her motion (*see* Doc. 8, PageID #34) and in her reply (*see* Doc. 13, PageID #799 and fn. 3 (Defendant "now lives in Florida, from which she can book a direct flight to Las Vegas but not to Beaumont")), it came to the attention of Plaintiff that Defendant lives in Beaumont, and Plaintiff informed Defendant of this issue. Shortly thereafter, counsel for Defendant confirmed Defendant lives in Beaumont. *See* Doc. 19.

2. **The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented**:

The parties participated in the Rule 26(f) conference on Wednesday, October 11, 2023. R. Brandon Bundren, lead counsel for Plaintiff, and David H. Seligman, counsel for Defendant, attended the conference.

3. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases**:

There are no cases related to this case that are pending in any state or federal court.

4. **An agreed discovery/case management plan, if agreement can be reached, which will be used by the court to prepare a Scheduling Order**:

   A. Plaintiff's position:

Attached as **Exhibit 1** is a Proposed Scheduling Order, which is based on a previously agreed-to Final Status Conference of June 7, 2024. Specifically, on October 11, 2023, during the Rule 26(f) Conference, counsel for the parties discussed multiple Final Status Conference dates between June–October of 2024. For various reasons, the Final Status Conference date that worked for both parties was June 7, 2024, and counsel for Defendant specifically agreed to this date. Lead counsel for Plaintiff told counsel for Defendant that Plaintiff would circulate a proposed Scheduling Order consistent with the Final Status Conference date of June 7, 2024.

Plaintiff's recitation of the Final Status Conference agreement is consistent with Plaintiff's representations in its Sur-Reply in Further Opposition to the Motion to Dismiss, filed on October 20, 2023. *See* Doc. 16, PageID #1047 ("Counsel for the parties have conferred under Rule 26(f), discovery is underway, and the parties agreed to a Final Status Conference of June 7, 2024, pending approval from the Court.").

On October 23, 2023, consistent with the Rule 26(f) Conference and its representations in

its Sur-Reply, Plaintiff circulated a draft of the Joint Conference Report and proposed Scheduling Order with the previously agreed-to Final Status Conference date of June 7, 2024. On October 25, 2023, counsel for Defendant circulated a revised draft of the Joint Conference Report and a revised Scheduling Order, which for the first time proposed a Final Status Conference date of February 7, 2025. Counsel for Plaintiff reminded counsel for Defendant by email that the date proposed by counsel for Defendant was not what was agreed to during the Rule 26(f) Conference. In fact, no 2025 Final Status Conference dates were discussed during the Rule 26(f) Conference. Counsel for Plaintiff further advised counsel for Defendant that this case is a simple breach of contract case and does not need a runway of 18 months to go to trial on a single claim. Accordingly, Plaintiff submits that because this case involves a single claim for breach of contract, this Court should enter a Final Status Conference date of June 7, 2024, and enter Plaintiff's proposed Scheduling Order, which is attached as **Exhibit 1**.

    B.  <u>Defendant's position:</u>

Defendant respectfully submits that her proposed schedule (attached as **Exhibit 2**) provides a reasonable timeframe for discovery, in the event that the Court denies her pending motion to dismiss. Counsel for Ms. Ponce de Leon disagrees that the parties committed to July 7, 2024 as an appropriate date for a pre-trial conference. To the contrary, during the parties' 26(f) conference, Counsel for Ms. Ponce de Leon specifically informed Plaintiff's counsel that he would need to discuss the proposed dates with other attorneys at his firm before committing to any particular set of dates. Defendant's counsel is a non-profit legal organization based in Denver, Colorado with limited resources. After internal discussions about the schedules of the lawyers participating in this litigation and the resources that Defendant's counsel is able to dedicate to this case, Defendant proposed the discovery schedule set out here. Plaintiff has

suggested this is a run-of-the-mill breach of contract action. In fact, as Defendant describes in her motion to dismiss, if this case proceeds in this Court, Defendant may raise a range of affirmative defenses and even counterclaims that could require extensive fact development and discovery. Defendant's proposed discovery schedule is reasonable and appropriate for a case of this nature.

5. **A suggested date for the Final Status Conference, at which time the final pretrial conference and the trial will be scheduled**:

   A. Plaintiff's position: June 7, 2024. *See supra*, 4(A).

   B. Defendant's position: February 7, 2025. *See supra*, 4(B).

6. **The expected length of trial and whether it will be to a jury or the bench**:

   The parties expect that this case will take three days to try to the Court.

7. **Whether the parties jointly consent to trial before a magistrate judge**:

   The parties do not consent.

8. **Other matters**:

   The parties have agreed to produce documents in searchable, PDF format.

   The parties have also agreed that they do not need to log privileged documents dated on or after May 25, 2023.

   Plaintiff anticipates asking the Court to enter a Protective Order to govern the production of Plaintiff's trade secret or other confidential, development, and/or commercial information that is produced in this case.

Respectfully submitted,

/s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.4647
F: 615.248.3047
bbundren@bradley.com

*Attorney for Medliant Inc.*


/s/ David H. Seligman by permission RBB
Rachel Williams Dempsey (*pro hac vice*)
David H. Seligman (*pro hac vice*)
Juno Turner (*pro hac vice*)
P.O. Box 371689, PMB 44465
Denver, Colorado 80237-5680
P: 720.441.2236
rachel@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org

*Attorneys for Katrina Ponce de Leon*

## CERTIFICATE OF SERVICE

I certify that on October 25, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court for the U.S. District Court, Eastern District of Texas, through the Court's Electronic Case Filing system, which will serve all counsel of record listed below:

>Rachel Williams Dempsey (pro hac vice)
>Email: rachel@towardsjustice.org
>David H. Seligman (pro hac vice)
>Email: david@towardsjustice.org
>Juno Turner (pro hac vice)
>Email: juno@towardsjustice.org
>TOWARDS JUSTICE

*Attorneys for Defendant*

/s/ R. Brandon Bundren
R. Brandon Bundren