UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MEDLIANT INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Civil Action No. 1:23–cv–00203–MAC |
| v. | ) |
| | ) |
| KATRINA PONCE DE LEON, | ) |
| | ) |
| *Defendant.* | ) |

**MEDLIANT INC.'S RESPONSE TO DEFENDANT'S NOTICE OF CORRECTION**

On September 11, 2023, Defendant moved to dismiss on the grounds of forum non conveniens and for failure to state a claim. *See* Doc. 8. Relevant to the forum non conveniens portion of the Motion, Defendant alleged the forum-selection clause in the Agreement for Employment by and between Plaintiff and Defendant dated January 18, 2022 (the "Agreement") was mandatory and that the public interest factors weighed in favor of dismissal. *See id.* at PageID ##31–35. Specifically, Defendant alleged the second and third public interest factors weighed in favor of dismissal because, in part, Defendant "is now a Florida resident." *See id.* at PageID #34. Defendant further alleged the public interest factors weighed in favor of dismissal because "[n]either party is at home in Texas and the local interest in Nevada is greater than the local interest in Texas to decide this controversy." *See id.*

On September 25, 2023, Plaintiff responded to the Motion asserting the Agreement's forum-selection clause was permissive, not mandatory. *See* Doc. 10, PageID ##332–35. Alternatively, Plaintiff asserted the Court should still deny the Motion because the public interest factors, including the local interest factor, weighed against dismissal. *See id.* PageID #337.

On October 10, 2023, Defendant replied in further support of its Motion. *See* Doc. 13. Relevant to the issue of forum non conveniens, Defendant again asserted the forum-selection clause was mandatory and that the public interest factors, including the local interest factor, favored dismissal. *See id*. at PageID #799. Specifically, Defendant represented that Defendant "lives in Florida, meaning that none of the parties to this action reside in Texas." *See id*. Defendant went a step further stating that any concern about travel to Nevada for Defendant was "misplaced" because "she now lives in Florida, from which she can book a direct flight to Las Vegas but not to Beaumont." *See id*. fn. 3.

As of October 20, 2023, when Plaintiff filed its Sur-Reply, Plaintiff was still under the mistaken impression that Defendant lived in Florida. *See* Doc. 16, PageID #1047 ("The fact that Defendant may have relocated to Florida is of no consequence as it is undisputed Defendant resided in this District when the cause of action arose.").

On October 24, 2023, counsel for Plaintiff learned that Defendant lived in Beaumont, not Florida. Counsel for Plaintiff asked counsel for Defendant to confirm, which counsel for Defendant did by email and again in the Notice of Correction wherein Defendant asks the Court to "disregard the references to Defendant's location." *See* Doc. 19.

Notwithstanding the Defendant's Notice, Defendant's residence should not be disregarded. If this Court determines the forum-selection clause is mandatory (which it should not for the reasons detailed in the Response and Sur-Reply), Defendant's residence is extremely relevant to the local interest factor, which already weighed heavily against dismissal. *See* Doc. 16, PageID #1047. Now, this factor even more so weighs against dismissal since the trial of this case would take place within a few miles of Defendant's home, where Defendant worked, and where the cause of action arose.

For these reasons, this Court should consider Defendant's Beaumont residence in connection with its resolution of the Motion should the Court determine the forum-selection clause is mandatory.

Respectfully submitted,

/s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.4647
F: 615.248.3047
bbundren@bradley.com

*Attorney for Medliant Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 25, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court for the U.S. District Court, Eastern District of Texas, through the Court's Electronic Case Filing system, which will serve all counsel of record listed below:

> David H. Seligman (pro hac vice)
> Email: david@towardsjustice.org
> Rachel Williams Dempsey (pro hac vice)
> Email: rachel@towardsjustice.org
> Juno Turner (pro hac vice)
> Email: juno@towardsjustice.org
> TOWARDS JUSTICE

*Attorneys for Defendant*

/s/ R. Brandon Bundren
R. Brandon Bundren
