AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | |
|---|---|
| Medliant Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-00203-MAC |
| Katrina Ponce de Leon | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Eliahkim Mabute, 520 Dowlen Road, Apartment 110, Beaumont, Texas 77706; c/o Anna Prakash via email at aprakash@nka.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Bradley Arant Boult Cummings LLP; 600 Travis St. Ste. 5600, Houston, TX 77002; or via email to bbundren@bradley.com | Date and Time: 02/09/2024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/23/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ R. Brandon Bundren |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Medliant Inc. , who issues or requests this subpoena, are:

Brandon Bundren; Bradley LLP; 1221 Broadway, Ste. 2400, Nashville, TN 37203; bbundren@bradley.com; 6152524647

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-cv-00203-MAC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:23–cv–00203–MAC |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| *Defendant*. | ) | |

Please be advised that you have been identified by Katrina Ponce de Leon as having spoken with Ponce de Leon about her departure from her previous employer, Medliant Inc. ("Medliant"). Medliant requests the following documents be produced:

**REQUEST NO. 1**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's departure from Medliant.

**RESPONSE:**


**REQUEST NO. 2**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's lawsuit against Katrina Ponce de Leon. A copy of Medliant's lawsuit is attached as **Exhibit 1**.

**RESPONSE:**

**REQUEST NO. 3**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's efforts to enforce the employment agreement between Medliant and Katrina Ponce de Leon.

**RESPONSE:**

**REQUEST NO. 4**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's request for accommodation from Medliant.

**RESPONSE:**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MEDLIANT INC.,                    )
                                  )
            Plaintiff,            )
                                  )        Civil Action No. 1:23-cv-203
v.                                )
                                  )
KATRINA PONCE DE LEON,            )
                                  )
            Defendant.            )

## COMPLAINT

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant, Katrina Ponce de Leon ("Ponce de Leon"), as follows:

PARTIES, JURISDICTION, AND VENUE

1.      Medliant is a Nevada corporation with its principal place of business in Tennessee.

2.      Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48, Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her residence or wherever she may be found.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee, and Ponce de Leon, a citizen of the State of Texas.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce de Leon resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

5.      Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.      One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.      Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.      Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.      In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.      Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11.      In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.    Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13.    As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.    In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15.    Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16.    On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17.    Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18.    Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

<u>COUNT I – BREACH OF CONTRACT</u>

19.    Medliant incorporates by reference the allegations set forth above.

20.    The Agreement is a valid and enforceable contract.

21.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23.     As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24.     Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.     Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.     Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C.     Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D.     Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Medliant Inc. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   1:23-cv-00203-MAC |
| Katrina Ponce de Leon | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Jeddy Anne M. Delgado, 520 Dowlen Road, Apartment 114 Beaumont, Texas 77706; c/o Anna Prakash via email at aprakash@nka.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Bradley Arant Boult Cummings LLP; 600 Travis St. Ste. 5600, Houston, TX 77002; or via email to bbundren@bradley.com | Date and Time:<br><br>02/09/2024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/23/2024

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/ R. Brandon Bundren |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Medliant Inc.
_____ , who issues or requests this subpoena, are:

Brandon Bundren; Bradley LLP; 1221 Broadway, Ste. 2400, Nashville, TN 37203; bbundren@bradley.com; 6152524647

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-cv-00203-MAC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:23–cv–00203–MAC |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| *Defendant*. | ) | |

Please be advised that you have been identified by Katrina Ponce de Leon as having spoken with Ponce de Leon about her departure from her previous employer, Medliant Inc. ("Medliant"). Medliant requests the following documents be produced:

**REQUEST NO. 1**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's departure from Medliant.

**RESPONSE:**


**REQUEST NO. 2**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's lawsuit against Katrina Ponce de Leon. A copy of Medliant's lawsuit is attached as **Exhibit 1**.

**RESPONSE:**

- 1 -

**REQUEST NO. 3**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's efforts to enforce the employment agreement between Medliant and Katrina Ponce de Leon.

**RESPONSE:**


**REQUEST NO. 4**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's request for accommodation from Medliant.

**RESPONSE:**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MEDLIANT INC.,                              )
                                            )
                    Plaintiff,              )
                                            )       Civil Action No. 1:23-cv-203
v.                                          )
                                            )
KATRINA PONCE DE LEON,                      )
                                            )
                    Defendant.              )

## COMPLAINT

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant,

Katrina Ponce de Leon ("Ponce de Leon"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Medliant is a Nevada corporation with its principal place of business in

Tennessee.

2.      Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48,

Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her

residence or wherever she may be found.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this

is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee,

and Ponce de Leon, a citizen of the State of Texas.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce

de Leon resides in this District and a substantial part of the events or omissions giving rise to the

claim occurred in this District.

## FACTUAL BACKGROUND

5.     Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.     One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.     Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.     Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.     In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.     Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11.     In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.     Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13.     As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.     In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15.     Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16.     On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

<u>COUNT I – BREACH OF CONTRACT</u>

19.     Medliant incorporates by reference the allegations set forth above.

20.     The Agreement is a valid and enforceable contract.

21.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23.     As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24.     Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.     Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.     Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C.     Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D.     Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Medliant Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:23-cv-00203-MAC |
| Katrina Ponce de Leon | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Chat Musick, 1589 Cooks Road, Silsbee, Texas 77656 (409-791-2015)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Bradley Arant Boult Cummings LLP; 600 Travis St. Ste. 5600, Houston, TX 77002; or via email to bbundren@bradley.com | Date and Time:  02/16/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/23/2024

CLERK OF COURT

                                                                    OR

_____              /s/ R. Brandon Bundren
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Medliant Inc.
_____ , who issues or requests this subpoena, are:

Brandon Bundren; Bradley LLP; 1221 Broadway, Ste. 2400, Nashville, TN 37203; bbundren@bradley.com; 6152524647

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:23-cv-00203-MAC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MEDLIANT INC.,               ) | |
|                ) | |
| *Plaintiff*,        ) | |
|                ) | Civil Action No. 1:23–cv–00203–MAC |
| v.                  ) | |
|                ) | |
| KATRINA PONCE DE LEON,   ) | |
|                ) | |
| *Defendant*.      ) | |

Please be advised that you have been identified by Katrina Ponce de Leon as having spoken with Ponce de Leon about her departure from her previous employer, Medliant Inc. ("Medliant"). Medliant requests the following documents be produced:

**REQUEST NO. 1**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's departure from Medliant.

**RESPONSE:**


**REQUEST NO. 2**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's lawsuit against Katrina Ponce de Leon. A copy of Medliant's lawsuit is attached as **Exhibit 1**.

**RESPONSE:**

**REQUEST NO. 3**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's efforts to enforce the employment agreement between Medliant and Katrina Ponce de Leon.

**RESPONSE:**


**REQUEST NO. 4**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's request for accommodation from Medliant.

**RESPONSE:**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-203 |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant,

Katrina Ponce de Leon ("Ponce de Leon"), as follows:

PARTIES, JURISDICTION, AND VENUE

1.      Medliant is a Nevada corporation with its principal place of business in

Tennessee.

2.      Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48,

Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her

residence or wherever she may be found.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this

is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee,

and Ponce de Leon, a citizen of the State of Texas.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce

de Leon resides in this District and a substantial part of the events or omissions giving rise to the

claim occurred in this District.

## FACTUAL BACKGROUND

5.      Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.      One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.      Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.      Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.      In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.     Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11.     In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.     Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13.     As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.     In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15.     Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16.     On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

<u>COUNT I – BREACH OF CONTRACT</u>

19.     Medliant incorporates by reference the allegations set forth above.

20.     The Agreement is a valid and enforceable contract.

21.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23.     As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24.     Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.     Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.     Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C.     Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D.     Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | |
|---|---|
| Medliant Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-00203-MAC |
| Katrina Ponce de Leon | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Lorelei M. Miranda, 7860 Buttercup Lane, Beaumont, Texas 77713 (409-454-1264)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Bradley Arant Boult Cummings LLP; 600 Travis St. Ste. 5600, Houston, TX 77002; or via email to bbundren@bradley.com | Date and Time: 02/16/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/23/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ R. Brandon Bundren |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Medliant Inc.
, who issues or requests this subpoena, are:

Brandon Bundren; Bradley LLP; 1221 Broadway, Ste. 2400, Nashville, TN 37203; bbundren@bradley.com; 6152524647

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-cv-00203-MAC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                                    *Server's signature*

                                                          _____
                                                                    *Printed name and title*

                                                          _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:23–cv–00203–MAC |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| *Defendant*. | ) | |

Please be advised that you have been identified by Katrina Ponce de Leon as having spoken with Ponce de Leon about her departure from her previous employer, Medliant Inc. ("Medliant"). Medliant requests the following documents be produced:

**REQUEST NO. 1**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's departure from Medliant.

**RESPONSE:**


**REQUEST NO. 2**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's lawsuit against Katrina Ponce de Leon. A copy of Medliant's lawsuit is attached as **Exhibit 1**.

**RESPONSE:**

- 1 -

**REQUEST NO. 3**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's efforts to enforce the employment agreement between Medliant and Katrina Ponce de Leon.

**RESPONSE:**


**REQUEST NO. 4**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's request for accommodation from Medliant.

**RESPONSE:**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-203 |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant, Katrina Ponce de Leon ("Ponce de Leon"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Medliant is a Nevada corporation with its principal place of business in Tennessee.

2.      Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48, Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her residence or wherever she may be found.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee, and Ponce de Leon, a citizen of the State of Texas.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce de Leon resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

5.      Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.      One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.      Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.      Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.      In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.      Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11.      In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.     Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13.     As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.     In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15.     Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16.     On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

<u>COUNT I – BREACH OF CONTRACT</u>

19.     Medliant incorporates by reference the allegations set forth above.

20.     The Agreement is a valid and enforceable contract.

21.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23.     As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24.     Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.     Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.     Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C.     Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D.     Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| Medliant Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:23-cv-00203-MAC |
| Katrina Ponce de Leon | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Marife D. Sevilla, 2195 Cobblehill Place, San Mateo, California 94402 (650-302-0210)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Veritext Legal Solutions; 101 Montgomery Street, Suite 450, San Francisco, CA 94104; or via email to bbundren@bradley.com | Date and Time: 02/23/2024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/23/2024

CLERK OF COURT

OR

_____          /s/ R. Brandon Bundren
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Medliant Inc.
_____ , who issues or requests this subpoena, are:

Brandon Bundren; Bradley LLP; 1221 Broadway, Ste. 2400, Nashville, TN 37203; bbundren@bradley.com; 6152524647

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:23-cv-00203-MAC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                           *Server's signature*

                                                      _____
                                                           *Printed name and title*

                                                      _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:23–cv–00203–MAC |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| *Defendant*. | ) | |

Please be advised that you have been identified by Katrina Ponce de Leon as having spoken with Ponce de Leon about her departure from her previous employer, Medliant Inc. ("Medliant"). Medliant requests the following documents be produced:

**REQUEST NO. 1**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's departure from Medliant.

**RESPONSE:**


**REQUEST NO. 2**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's lawsuit against Katrina Ponce de Leon. A copy of Medliant's lawsuit is attached as **Exhibit 1**.

**RESPONSE:**

**REQUEST NO. 3**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's efforts to enforce the employment agreement between Medliant and Katrina Ponce de Leon.

**RESPONSE:**


**REQUEST NO. 4**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's request for accommodation from Medliant.

**RESPONSE:**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-203 |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant,

Katrina Ponce de Leon ("Ponce de Leon"), as follows:

PARTIES, JURISDICTION, AND VENUE

1.     Medliant is a Nevada corporation with its principal place of business in

Tennessee.

2.     Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48,

Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her

residence or wherever she may be found.

3.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this

is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee,

and Ponce de Leon, a citizen of the State of Texas.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce

de Leon resides in this District and a substantial part of the events or omissions giving rise to the

claim occurred in this District.

## FACTUAL BACKGROUND

5.      Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.      One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.      Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.      Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.      In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.     Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11.     In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.     Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13.     As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.     In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15.     Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16.     On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

<u>COUNT I – BREACH OF CONTRACT</u>

19.     Medliant incorporates by reference the allegations set forth above.

20.     The Agreement is a valid and enforceable contract.

21.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23.     As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24.     Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.     Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.     Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C.     Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D.     Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| Medliant Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:23-cv-00203-MAC |
| Katrina Ponce de Leon | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Manny Ramos, 1800 S. Kirkman Road, Orlando, Florida 32811 (407-582-1180)

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Veritext Legal Solutions, 633 E. Colonial Drive, Orlando, FL 32803; or via email to bbundren@bradley.com | Date and Time: 02/23/2024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       01/23/2024

*CLERK OF COURT*

                                                                OR

_____          /s/ R. Brandon Bundren
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       Medliant Inc.
_____ , who issues or requests this subpoena, are:

Brandon Bundren; Bradley LLP; 1221 Broadway, Ste. 2400, Nashville, TN 37203; bbundren@bradley.com; 6152524647

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-cv-00203-MAC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MEDLIANT INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:23–cv–00203–MAC |
| v. | ) | |
| | ) | |
| KATRINA PONCE DE LEON, | ) | |
| | ) | |
| *Defendant*. | ) | |

Please be advised that you have been identified by Katrina Ponce de Leon as having spoken with Ponce de Leon about her departure from her previous employer, Medliant Inc. ("Medliant"). Medliant requests the following documents be produced:

**REQUEST NO. 1**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's departure from Medliant.

**RESPONSE:**

**REQUEST NO. 2**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's lawsuit against Katrina Ponce de Leon. A copy of Medliant's lawsuit is attached as **Exhibit 1**.

**RESPONSE:**

- 1 -

**REQUEST NO. 3**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Medliant's efforts to enforce the employment agreement between Medliant and Katrina Ponce de Leon.

**RESPONSE:**


**REQUEST NO. 4**:

Communications (including emails, text messages, instant messages, social media messages, etc.) between you and anyone (including Katrina Ponce de Leon) related to Katrina Ponce de Leon's request for accommodation from Medliant.

**RESPONSE:**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MEDLIANT INC.,                          )
                                        )
                Plaintiff,              )
                                        )    Civil Action No. 1:23-cv-203
v.                                      )
                                        )
KATRINA PONCE DE LEON,                  )
                                        )
                Defendant.              )

## **COMPLAINT**

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant,

Katrina Ponce de Leon ("Ponce de Leon"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Medliant is a Nevada corporation with its principal place of business in

Tennessee.

2.      Ponce de Leon is an individual residing at 6550 Lexington Drive, Apartment 48,

Beaumont, Texas 77706. Ponce de Leon may be served with process by personal service at her

residence or wherever she may be found.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this

is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee,

and Ponce de Leon, a citizen of the State of Texas.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Ponce

de Leon resides in this District and a substantial part of the events or omissions giving rise to the

claim occurred in this District.

## FACTUAL BACKGROUND

5.       Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.       One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.       Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.       Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.       In accordance with this practice, on January 18, 2022, Medliant and Ponce de Leon entered into an Agreement for Employment (the "Agreement") for Ponce de Leon to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10.       Pursuant to the Agreement, Medliant agreed to sponsor and pay for Ponce de Leon's Green Card processing, Ponce de Leon's travel expenses to Texas, one month's living accommodations, and to reimburse Ponce de Leon for all federal and state license-related application fees and expenses.

11.       In consideration for the benefits described above, Ponce de Leon agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12.     Ponce de Leon also acknowledged that if she left Medliant's employment prior to the completion of her assignment, that Medliant would not have made a reasonable amount of profit in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Ponce de Leon to become a United States employee.

13.     As a result, Ponce de Leon agreed that if she voluntarily left Medliant, she would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on her obligation.

14.     In addition to the liquidated damages, Ponce de Leon also agreed she would reimburse Medliant for the costs of immigration Medliant paid on Ponce de Leon's behalf if she resigned prior to completion of her obligation.

15.     Effective February 15, 2023, Ponce de Leon resigned from Medliant.

16.     On April 10, 2023, counsel for Medliant sent a letter to Ponce de Leon demanding that Ponce de Leon fulfill her obligations under the Agreement and to pay Medliant liquidated damages owed plus the costs of immigration.

17.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

18.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

<u>COUNT I – BREACH OF CONTRACT</u>

19.     Medliant incorporates by reference the allegations set forth above.

20.     The Agreement is a valid and enforceable contract.

21.     Ponce de Leon has breached the Agreement because she has refused to pay Medliant any of the liquidated damages owed to Medliant.

22.     Ponce de Leon also breached the Agreement because she also failed to reimburse Medliant for the costs of immigration.

23.     As a result of Ponce de Leon's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Ponce de Leon's behalf.

24.     Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Medliant requests that the Court:

A.     Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B.     Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

C.     Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

D.     Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*